Jonas V. Anderson, VA SB #78240
Acting Assistant United States Trustee
Kathryn Perkins, CSB #240149
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (206) 553-2000 ext. 265
Email: kathryn.e.perkins@usdoj.gov

Attorneys for Gregory M. Garvin,
Acting United States Trustee for Region 18

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Christian S. Radabaugh, Sr.,<br><br>Debtor(s). | Case No. 18-34244-pcm11<br><br>**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO APPLICATION TO EMPLOY AUCTIONEER (CENTRAL OREGON LIVESTOCK AUCTION)** |

Gregory M. Garvin, Acting United States Trustee for Region 18 (the "UST"), by and through his undersigned counsel hereby files this limited objection to the *Application to Employ Auctioneer (Central Oregon Livestock Auction)*, the "Employment Application" filed by the above-captioned debtor (the "Debtor") and respectfully requests the Court condition the employment on the proposed auctioneer's compliance with the United States Trustee's insurance and bonding requirements prior to the proposed May 20, 2019 sale. The United States Trustee further requests any order approving the Employment Application set forth the proposed auctioneer's rate of compensation in accordance with Federal Rule of Bankruptcy Procedure 6005 and direct the auctioneer to file a report of sale consistent with Federal Rule of Bankruptcy Procedure 6004(f) within 30 days of concluding the auction.

Page 1 - UNITED STATES TRUSTEE'S LIMITED OBJECTION

## A. The Auctioneer Should Satisfy the United States Trustee's Bonding Requirements

The Debtor, as a debtor-in-possession, is bound by § 1107 to fulfill all duties otherwise imposed on chapter 7 trustees. *See* 11 U.S.C. § 1107(a). Among those duties is the duty to comply with § 345(b) which provides in pertinent part:

> Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested (1) a bond ...

11 U.S.C. § 345(b). When an auctioneer liquidates estate assets the auctioneer generates a cash "deposit," which must be protected in accordance with 11 U.S.C. § 345(b). To ensure auctioneer compliance with § 345(b) the Office of the United States Trustee has promulgated bonding requirements applicable any auctioneer liquidating bankruptcy estate assets.[1] Specifically, the United States Trustee's Office requires the following:

> The trustee must ensure that auctioneers are adequately bonded, prior to auction or taking possession of estate property, in an amount that is sufficient to cover all receipts from the sale. 11 U.S.C. § 704(a)(2), 28 U.S.C. § 586. The bond must be in favor of the United States of America and is distinct from any other auctioneer's bond required under state law. All original bonds must be forwarded to the United States Trustee.
>
> The trustee needs to verify that the auctioneer maintains insurance for lost or stolen property in the event that the trustee decides to make a claim against the insurer in the event of such losses. . . .

Handbook for Chapter 7 Trustees, at p. 4-23 available at https://www.justice.gov/ust/file/handbook_for_chapter_7_trustees.pdf/download (last visited May 13, 2019). Upon receipt of the auctioneer's bond, it is the practice of the United States Trustee to provide a copy of that bond to

---

[1] *See e.g.* Chapter 11 Trustee Handbook, at p. 69 available at https://www.justice.gov/ust/file/ch11handbook-200405.pdf/download (last visited May 13, 2019), see also Handbook for Chapter 7 Trustees, at p. 4-23 available at https://www.justice.gov/ust/file/handbook_for_chapter_7_trustees.pdf/download (last visited May 13, 2019).

**Page 2 - UNITED STATES TRUSTEE'S LIMITED OBJECTION**

the Clerk of the Bankruptcy Court. *See generally* LBR 2014-1 and LBF 753.50. In light of the above, the United States Trustee respectfully requests that the Order approving the Employment Application condition the approval on the proposed auctioneer's compliance with obtaining a bond compliant with 11 U.S.C. § 345(b).

### B. The Order Approving Employment Should Comply with Fed. R. Bankr. P. 6005

Federal Rule of Bankruptcy Procedure 6005 provides that the "order of the court approving the employment of an … auctioneer shall fix the amount or rate of compensation." Here, although the Employment Application discloses the proposed rate of compensation in accordance with Federal Rule of Bankruptcy Procedure 2014, which the United States Trustee does not object to, there is no proposed order attached to the Employment Application assuring compliance with rule 6005.

### C. The Order Should Direct the Auctioneer to File the Fed. R. Bankr. P. 6004(f) Report

Federal Rule of Bankruptcy Procedure 6004(f) requires an auctioneer to file a report with the court itemizing the property sold, the identity of the purchasers, and the price received for each item after concluding the auction. Fed. R. Bankr. P. 6004(f). The United States Trustee requests that the Order approving the Employment Application require the auctioneer to file this report within 30 days of conducting the proposed sale of the Debtor's assets.

WHEREFORE, for the reasons set forth herein, the United States Trustee respectfully requests that the Court condition the approval of the Employment Application on the proposed auctioneer's compliance with the bonding requirements of 11 U.S.C. § 345(b), and that the order approving his employment set forth the auctioneer's rate of compensation and require the auctioneer to file a report of sale compliant with Federal Rule of Bankruptcy Procedure 6004(f) no later than 30 days after the conclusion of the auction.

DATED this 13th day of May, 2019.

                                      Respectfully submitted,

                                      GREGORY M. GARVIN
                                      Acting United States Trustee for Region 18

                                      /s/ Jonas V. Anderson
                                      JONAS V. ANDERSON, VA SB #78240
                                      Acting Assistant United States Trustee

# CERTIFICATE OF SERVICE

I, Jonas V. Anderson, hereby certify that on May 13, 2019, the attached document was served on the persons shown below, as follows:

1. By depositing a true copy thereof, in a sealed envelope with First-Class postage prepaid and addressed as shown below, in the U.S. Mail, at Eugene, Oregon.

| | |
|---|---|
| Christian S. Radabaugh, Sr.<br>15334 NE O'Neil Hwy<br>Redmond, OR 97756 | Josh Divine<br>Reese Smalley Wiseman & Schweitzer, LLP<br>1265 Willis Street<br>P.O. Box 994647<br>Redding, California 96001 |
| ODR Bkcy<br>955 Center St NE<br>Salem, OR 97301-2555 | Shasta Livestock Auction Yard, Inc.<br>c/o Callie Wood, Reg. Agent<br>3917 N. Main Street<br>P.O. Box 558<br>Cottonwood, CA 96022 |

2. Based on the Bankruptcy Court's Electronic Case Filing provisions, the following person(s) were served electronically when the attached document was filed with the Court:

**KENNETH P CHILDS**  kip@childslawfirm.org, kip@childslawfirm.org

**MARTIN E HANSEN**  meh@francishansen.com, kathy@francishansen.com, mike@francishansen.com, carol@francishansen.com, jerry@francishansen.com, regina@francishansen.com

**NICHOLAS J HENDERSON**  nhenderson@portlaw.com, tsexton@portlaw.com, mperry@portlaw.com, hendersonnr86571@notify.bestcase.com

**HOWARD M LEVINE**  hlevine@sussmanshank.com, jhume@sussmanshank.com, ecf.howard.levine@sussmanshank.com,howard-levine-5487@ecf.pacerpro.com

**TROY SEXTON**  tsexton@portlaw.com, nhenderson@portlaw.com, mperry@portlaw.com, troy-sexton-4772@ecf.pacerpro.com

/s/ *Jonas V. Anderson*
JONAS V. ANDERSON, VA SB #78240
Acting Assistant United States Trustee

**Page 1 – CERTIFICATE OF SERVICE**